Unempoyment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Melanie D. Glenn, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Charles David Milstein,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 6, 1976:

This is an appeal by Melanie D. Glenn (claimant) from a decision of the Unemployment Compensation Board of Review (Board) which denied her benefits under Section 402(e) of the Unemployment Compensation Law.[1] The Board affirmed a referee's determination that

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e) which provides in part:

"An employee shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work . . . . "

the claimant had been discharged by her employer for willful misconduct.

The claimant was employed by BioScience Information Service of Biological Abstracts as a clerk-typist for nine months, during which time she, by her own admission, was late for work on 41 days. Her excuses for late arrival were variously recorded as transportation problems, personal business, illness, and occasionally no reason was given. The employer's representative testified that he had been told by the claimant that she was under a doctor's care for migraine headaches and that the medication which she was taking often acts as a sedative. He further stated, however, that she had not been given any permission for late arrival.

On September 13, 1974, according to the testimony of the employer's representative, the problem of the claimant's frequent tardiness was discussed with her, and she was requested to bring a letter from her physician explaining the nature of her illness. She was also given a warning at that time that she might be discharged if her tardiness continued. She was then late in arriving for work on the five work days subsequent to this discussion, and she failed to submit the requested letter from her physician. In addition, the representative testified, she had failed to cooperate in reporting the reasons for her tardiness in a manner consistent with office procedures, and no reasons had been recorded for these last five incidents of late arrival. As a result, the claimant's services were terminated on September 20, 1974 for failing to cooperate in eliminating her continuing tardiness.

The claimant testified that she had been requested to submit a letter from her doctor only the day before her dismissal. She alleged, in addition, that the person appointed to record the reasons for late arrival did not always record them accurately and that the effects of the medication which she was taking had usually been the cause of her tardiness.

The referee obviously chose to give the claimant's testimony less weight and credibility than the testimony offered by the employer's representative, adopting findings of fact substantially consistent with the latter's testimony. The Board expanded and clarified these findings, adopting findings of its own which even more closely paralleled the testimony of the employer's representative. And it was on the basis of the Board's findings that the claimant was denied benefits.

In unemployment compensation cases, review by this Court is limited to questions of law and to a determination as to whether or not the findings of the Board are supported by substantial evidence. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974). The record here contains admissions by the claimant of her tardiness and of her failure to submit a letter from her physician as requested. Although the date on which she was asked to furnish the letter is in dispute, the Board resolved the conflict against the claimant, as is its function as the trier of fact to do. Questions of credibility and weight to be given evidence are to be resolved by the Board, and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). We are bound by the findings of fact in this case.

The only remaining issue is whether or not the Board's findings support the conclusion that the claimant is guilty of willful misconduct. We do so find. Willful misconduct sufficient to disqualify an employee from the receipt of benefits has been defined as behavior which evidences (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence

which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Habitual tardiness, particularly after warnings that a termination of services may result if the practice continues, is sufficient evidence of an employee's disregard of the employer's interest to sustain a finding of willful misconduct. *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973).; *See Marcantonio v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 204, 309 A.2d 462 (1973).

An employer has the right to expect his employee to maintain regular working hours and to comply with office procedures. Here the employer made an extra effort to understand the claimant's medical problems when a letter from her physician was requested, but she did not cooperate in that effort. Her actions as described in the Board's findings, therefore, do constitute willful misconduct and we, therefore, issue the following

### ORDER

AND, NOW, this 6th day of February, 1976, the order of the Unemployment Compensation Board of Review is hereby affirmed and benefits are denied.