Frank A. Horn, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued September 13, 1976, before Judges Crum-Lish, Jr., Wilkinson, Jr., and Rogers, sitting as a panel of three.

*John McCrea, III,* with him *McCrea & McCrea,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., October 15, 1976:

Frank Horn (Claimant) appeals the decision and order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

We have often reiterated the standard for wilful misconduct as a basis for denying benefits to claimants. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165, 168 (1973). In general, we have stated that wilful misconduct is:

"(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations."

The Board's findings of fact were as follows:

"1. Claimant was last employed by Richard Textiles, Shippensburg, Pennsylvania, as a machine maintenance mechanic for three years at $2.80 per hour, and his last day of work was March 6, 1975.

"2. Prior to his last day of work, claimant was instructed by his foreman to grease the loom rolls.

"3. Claimant failed to grease the looms as instructed.

"4. On March 6, 1975, claimant was discharged for failing to follow the instructions of his foreman."

It is clear that if the record would support a finding that Claimant failed to follow instructions of his employer, we must affirm the finding of wilful misconduct. To this end, Claimant argues that findings three and four are not supported by the record. He argues that the record is equivocal and ambigious.

We do not so read the record. The testimony is indeed controverted but there does exist testimony of record, which, if believed, would support findings three and four.

In light of the foregoing, we enter the following

## Order

And Now, this 15th day of October, 1976, the order of the Unemployment Compensation Board of Review is affirmed.