Deborah C. Ritchie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 3, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*Walton F. Hill,* and *Douds & Hill,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., December 20, 1977:

This is an appeal from an order of the Pennsylvania Unemployment Compensation Board of Review (Board) denying benefits to the claimant on the

grounds of wilful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

The claimant was employed as a file clerk by the United States Civil Service Commission (Commission) until her discharge on October 17, 1975. The claimant had last worked for the Commission on September 3, 1975, having been absent due to illness during the interim period.

On September 30, 1975, the Chief, Records Division of the Bureau of Retirement, Insurance and Occupational Health of the United States Civil Service Commission, sent a letter requesting her to furnish a statement from her doctor covering the illness, and also to submit a written request to the Bureau Director for an extension beyond thirty days of her leave without pay. Without such a written request, she was advised that her continued absence could not be authorized. The claimant did not comply with either request. The issue which arises is whether the claimant's failure to comply with her employer's instructions constitutes wilful misconduct. We affirm the finding that it does and benefits must be denied.

The term wilful misconduct has been dealt with on a number of occasions by this Court. *See Unemployment Compensation Board of Review v. Glenn*, 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). One of the rules which has been developed is that an employee's failure to follow the reasonable instructions of his or her employer constitutes wilful misconduct. *Horn v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 566, 364 A.2d 991 (1976). We find the record in this case supports the Board's conclusion that the

claimant failed to follow the reasonable instructions of her employer with regard to her continued absence from work, and that the Board properly concluded that as a result she was ineligible for benefits.

Accordingly, we will enter the following

### ORDER

Now, December 20, 1977, the decision of the Unemployment Compensation Board of Review, No. B-135212, dated September 28, 1976, is affirmed.