Delores LeGare, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Taylor Aspinwall,* for appellant.

*Elsa Newman,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General,

*Daniel R. Schuckers,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 10, 1979:

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review (Board) all have ruled that claimant was disqualified from receiving unemployment compensation benefits by reason of her separation being due to willful misconduct. The willful misconduct was determined to be claimant's refusal to report to the employer's Health Evaluation Center for a physical examination. We affirm.

Since willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) when involving a willful disregard of the employer's instructions, depends upon the reasonableness of the instructions and the reasonableness of the refusal, under all the circumstances, it is necessary to go into the facts in some detail.

Claimant had been a secretary in the Hemotology Department of the University of Pennsylvania for 11 years. From June 13, 1977 until July 25, 1977 she was on sick leave with pay. On July 20, 1977, she was notified that as of July 25, 1977 she would be placed on suspension without pay. She was advised that this would remain in effect for three weeks, until August 15, 1977, during which time she was expected to report to the Health Evaluation Center of the University of Pennsylvania for a physical examination to determine the status of her health. She was asked to call and set up an appointment. The letter stated: ''This action has been necessitated by

your excessive rude and crude responses to our numerous requests for physical certification of your illness and expected duration of same.''

Claimant stated:

I refused to be examined by their physicians which is against my benefits as I was under the care of a surgeon and a doctor for physical and a nervous condition. My doctor had sent 2 notices to Dr. Cooper [the physician for whom she did secretarial work] stating I was under his professional care and would be unable to work for an indefinite period at that time.

It is claimant's position that her employer's policy was to require only a doctor's certificate when drawing sick pay.

It is the employer's position that the claimant's doctor's certificates were inadequate to identify the nature of claimant's illness and its probable duration.

During the course of the hearing the referee asked and the claimant responded as follows:

Q. Alright. Now. You filed your claim for unemployment benefits on 8-14. If you were sick up until this point and unable to work.... Were you able to work on 8-14?

A. Yes. . . .

. . . .

Q. Why did you object to being examined by the company doctor?

A. Because it was not. . . . It states in my benefits. . . . Well number one, I was unable physically and mentally. . . . And I was not able physically to be examined by other doctors I was unfamiliar with at that time. . . .

. . . .

Q. Well what I'm trying to establish is, did they give you a definite period when you

were supposed to be examined by the doctor from the University?

A. Yes.

. . . .

Q. In other words, you had until August the 15th?

A. Right.

REFEREE: So then you had plenty of time to do it.

A. But I was not able physically.

Q. But you were able to go in and sign for compensation on the 14th!

A. That was on the 14th, yes.

The referee later stated that she gathered from the testimony that the information submitted by claimant's physician was inconclusive and not clear. The claimant responded that her doctor's certificates were clear and the reason for the request was because the claimant had filed a claim before the Human Relations Commission for discrimination.

The referee expressly found that the reason for the employer's request was that the medical certificates were inconclusive. This would certainly make the request reasonable even though the policy did not require it.

On appeal, and after oral argument was requested and allowed, the Board stated:

We have carefully reviewed the record and believe that the employer's request was reasonable and we do *not* believe the employer's request was an act of harassment or retaliation. The claimant's failure to comply with the employer's reasonable request was unreasonable and intentional. (Emphasis in original.)

This is as clear and express a finding to meet the definition of willful misconduct set forth in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976) as could be envisioned.

The evidence offered by claimant herself is contradictory on the two key points. To establish the unreasonableness of the employer's request she states that it was not based on any insufficiency of her doctor's certificate but rather because she had filed a claim against it before the Human Relations Commission. However, she states her claim before the Human Relations Commission for discrimination was based on the employer's request for a physical examination! She attempts to establish the reasonableness of her refusal on grounds that she was not physically or mentally able. However, during the period of the requested examination she "signed-up" for unemployment benefits stating she was physically able to work. Further, she stated that having recovered from her illness on August 14th she did not return to her position with her employer because she had been fired. However, it is clear from her own testimony that she knew her position was available through August 15th. She was discharged August 16th.

We perceive that claimant relies heavily on the fact the sick leave policy of employer does not require a physical examination when on her sick status. The complete answer to that is that neither does the policy state that one will not be required. It is only when the action requested is neither expressly required or prohibited that the double question of reasonableness arises. *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974).

Accordingly, we will enter the following

ORDER

AND Now, May 10, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-152742, dated January 13, 1978, denying benefits is affirmed.

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

Our Supreme Court has held that in reviewing willful misconduct cases where an employee is discharged for refusal to comply with an employer directive the employee's reason for noncompliance must be balanced against the reasonableness of the employer's request in light of all the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In the instant case, of course, the referee concluded that the employer's request that the claimant submit to a medical examination by its doctors was reasonable because the certificates of the claimant's doctors were inadequate. And I would agree that the employer would be justified in its request under such circumstances *if* the evidence clearly indicated that such circumstances actually existed. I am, however, unconvinced that there is sufficient evidence in the record from which the referee could reasonably have concluded that the claimant's certificates *were* inadequate.

The employer did not appear at the hearing and the only reference to the inadequacy of the claimant's medical certficates is that found in a letter written to the claimant by the employer. This letter, of course, was at best hearsay evidence and, although it was not objected to at the hearing, it was uncorroborated. Standing alone, therefore, it was insufficient to support the finding of fact. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

It seems to me that there is insufficient evidence of record to support a conclusion that the employer made a reasonable request. I do not believe, therefore, that the claimant's refusal to comply rises to the level of willful misconduct on her part.