Anna D. Konnick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Barbara J. Hart,* with her *Louis M. Shucker* and *William Anderson,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 10, 1980:

Anna D. Konnick (claimant) appeals here from an order of the Unemployment Compensation Board of Review which upheld a referee's decision that she was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), because her discharge was the result of willful misconduct.

The claimant, who was employed by Ludens, Inc. (employer), was absent 56 days between October 1, 1976, and September 22, 1977, and had received two notices regarding her absenteeism when, on or about July 7, 1977, she was directed by her employer to supply medical certification for all future absences including one-day absences. On September 22, 1977, she was again absent and failed to submit the required medical certification. She was discharged the next day.

The claimant now argues that she did not engage in willful misconduct because the collective bargaining

agreement under which she worked required a medical certificate only after 3 days' absence and because the requirement of a certificate after one day's absence was unreasonable. Alternatively, she asserts that her misconduct was de minimis and did not reflect a conscious wrongdoing.

We note initially that a collective bargaining agreement does not control in determining eligibility for unemployment compensation. *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959); *Brenaman v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 328, 392 A.2d 924 (1978). "[R]ather, the factual matrix at the time of separation should govern." *Gianfelice, supra,* 396 Pa. at 551, 153 A.2d at 909 (emphasis omitted). Here, the claimant was absent more than 50 days within the period of one year. Although these absences may have been properly reported and/or certified, we do not believe that it was unreasonable, in light of the claimant's history, for the employer to require that medical certification be provided for all future absences, of whatever duration.

We cannot agree, moreover, that her misconduct was de minimis and did not reflect a conscious wrongdoing. Not only did the employer specifically order her to supply medical certification, but she had been warned in the past about her absenteeism. We believe that her direct refusal to comply with the employer's reasonable request did constitute willful misconduct. *See LeGare v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 536, 400 A.2d 1379 (1979); *Urso v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 593, 396 A.2d 70 (1979); *Troyen v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978). We also believe that, under the circumstances, her reliance on the terms of the collective

bargaining agreement did not provide good cause for her actions.

The order of the Board is therefore affirmed.

ORDER

AND Now, this 10th day of July, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.