Leona Semon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Weston Components and Controls, Intervenor.

502

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John P. Pesota,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, for respondent.

*Charles A. Shaffer, Flanagan, Doran, Biscontini & Shaffer,* for intervenor.

OPINION BY JUDGE MACPHAIL, August 19, 1980:

Leona Semon (Claimant) appeals to this Court from an order of the Unemployment Compensation

Board of Review (Board) denying her unemployment compensation benefits. Weston Components & Controls Division of Sangamo Weston, Inc. (Weston), Claimant's former employer, has entered this appeal as an intervenor.

Claimant applied for benefits on March 19, 1979; her last day of work had been March 9, 1979. The Bureau (now Office) of Employment Security granted benefits on April 6, 1979. Weston appealed from the grant of benefits and a hearing was held before the referee on May 4, 1979. The referee reversed the grant of benefits and found that Claimant is not eligible for benefits because she was discharged by Weston for wilful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The Board affirmed the referee's decision and adopted the referee's findings of fact.

The burden to prove wilful misconduct is placed upon the employer. *Paige v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 141, 394 A.2d 1318 (1978). Because the party having the burden of proof succeeded below, the findings of the Board are conclusive upon this Court in the absence of fraud and if the findings are supported by substantial evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Wilful misconduct is established where an employee's behavior constitutes a wanton and wilful disregard of the employer's interests or the deliberate violation of the employer's rules or the disregard of standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). An employee's direct refusal to comply with the reasonable request of an employer can constitute wilful misconduct, *Kresge v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 78, 405 A.2d 1123 (1979). Where the action required of the employee is neither required nor prohibited by the employer's rules, whether or not the employee's refusal constitutes wilful misconduct depends upon the reasonableness of the instruction and the reasonableness of the refusal. *LeGare v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 536, 400 A.2d 1379 (1979). Whether an employee's actions constitute wilful misconduct is a question of law subject to review by this Court. *Paige, supra.*

The Claimant argues that her actions did not constitute wilful misconduct in the instant case because the employer's request that she see a psychiatrist before returning to work was not reasonable.

The referee found that the Claimant had been employed by Weston for about twenty-three years. The Claimant had been telephoning her supervisor at home after working hours to discuss work-related problems and was specifically directed to stop this practice. Because Claimant disregarded this directive, a meeting was held on March 9, 1979 in the office of Weston's Personnel Director at which Claimant's supervisor informed her that she would be on disciplinary suspension for three days. During this meeting, Claimant became so distraught and acted in such a manner as to lead her employer to believe that she might need professional help. As a result, Weston wrote a letter to the Claimant on March 12, 1979 and informed her that the three day suspension would be held in abeyance and that she should make arrangements to meet with a

psychiatrist named in the letter. On March 22, 1979, Weston sent Claimant a second letter by certified mail advising her that she could not return to work until she had met with the psychiatrist named, but Weston also stated that, if the psychiatrist named was unsatisfactory for any reason, Claimant could choose a psychiatrist on her own. The Claimant refused to accept delivery of this letter. On April 16, 1979, Weston wrote to Claimant and informed her that she was being placed on disciplinary suspension for her failure to arrange to meet with a psychiatrist. Weston further stated that Claimant would be discharged if her refusal to meet with a psychiatrist continued. Claimant refused to accept delivery of that letter. Finally, on April 26, 1979, Weston wrote to Claimant's husband in an effort to persuade him to exert his influence to impress upon the Claimant that she would be discharged if she did not make arrangements to see a psychiatrist prior to May 7, 1979. A copy of that letter was sent to Claimant by regular mail. The Claimant did not reply to Weston's letters, but reported every morning to the factory gate where she was turned away by security personnel. On several occasions she submitted notes at the gate. The incoherent nature of these messages reinforced Weston's conviction that a psychiatric evaluation of Claimant should be made. If the Claimant had met with a psychiatrist, Weston would have done one of two things based on the psychiatric report: (1) Claimant would have been placed on medical leave or (2) Claimant would have been returned to work possibly subject to a three day suspension for telephoning her supervisor against express directions.

All of the above findings by the referee are based upon substantial evidence in the record.

The Claimant argues that Weston's request that she obtain a psychiatric examination was unreasonable because there is no indication that her job performance

was unsatisfactory in any way and the incident that prompted the request occurred after working hours.

We cannot agree that Weston's request was unreasonable under the circumstances of this case. The record shows that Claimant's behavior on March 9, 1979 was alarming, erratic, and irrational. She caused a major disruption at Weston's place of business and her behavior was such that a reasonable person might suspect that another episode would occur and probably would be more serious. It would be unreasonable to expect Weston to wait until such a scene occurred at Claimant's work area to request that she seek help. Weston made the request that Claimant be examined by a psychiatrist after describing the events of March 9, 1979 to the company doctor and pursuant to his advice. Weston merely sought to determine if Claimant's behavior was a one time only reaction to pressure or a symptom of deeper difficulties. Under the circumstances of this case, we cannot hold that this was an unreasonable request. In *LeGare v. Unemployment Compensation Board of Review, supra,* we held that the employer's instruction to an employee to have a physical examination before returning to work was a reasonable request even though not a part of the employer's rules.

Where an employee's refusal to comply with an employer's request was reasonable or justifiable under all of the circumstances, a finding of wilful misconduct cannot be made. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *LeGare v. Unemployment Compensation Board of Review, supra.* Claimant does not offer any explanation for her refusal to see a psychiatrist except that she feels she is able to work and doesn't need psychiatric help. This may well be so, but, given the facts of this case, we cannot expect Weston to share her view without some corroboration. The Claimant

has not demonstrated good cause for her refusal to comply with Weston's request.

Claimant's argument that since the actions occurred after working hours they cannot constitute wilful misconduct is clearly without merit. In *Nevel v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 6, 377 A.2d 1045 (1977), we held specifically that there is no requirement that an employee's misconduct occur on the employer's premises and/or while on duty.

Since there is no requirement that an employee's misconduct occur during working hours and because we find that Weston's request that Claimant seek a psychiatric examination was reasonable in the instant case and that her refusal to comply was unreasonable, we will uphold the Board's denial of benefits.

### Order

And Now, this 19th day of August, 1980, the order of the Unemployment Compensation Board of Review, dated June 20, 1979, denying benefits to Leona Semon is hereby affirmed.