James L. Davis and Robert E. Sperling, Jr., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Theodore M. Lieverman,* with him *Richard Kirschner, Kirschner, Walters & Willig,* for petitioners.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Blatt, April 30, 1981:

The petitioners[1] seek review of a decision of the Board[2] which found them to be ineligible for unemployment compensation benefits because of their willful misconduct.[3]

The petitioners, who were correctional officers at the Lehigh County prison, reported off as ill on September 12, 1979 along with approximately 20 of their co-workers. The resulting shortage of personnel caused the prison officials to issue an emergency alert to the Lehigh County Sheriff and to the Police Department of Allentown where the prison is located, and the absent correctional officers were notified by the prison officials that their services would be terminated unless they each produced a valid doctor's excuse attesting to each individual illness. The petitioners submitted no such excuses; instead they resigned on September 22, 1979.[4] Their applications for unemployment benefits first were denied by the Office of Employment Security, then granted by a referee after an evidentiary hearing, but upon further appeal the Board reinstated the denial of compensation, finding that the discharge had been due to willful misconduct.

The petitioners claim that the employer's absenteeism policy did not require the production of a doctor's certificate when an employee was absent for only one day and that their failure to produce such certificates did not amount to willful misconduct. They also argue that their employer discriminated against them

---

[1] James L. Davis and Robert E. Sperling, Jr.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[4] The petition before us concerns unemployment compensation for only the week ending September 15, 1979.

by not rehiring them inasmuch as all of the other employees who were absent on September 12, 1979 were reinstated.

We cannot agree with either contention.

The Board held that the extreme number of absences reported on September 12 indicated the existence of an illegal work stoppage and that in such circumstances it was reasonable for the employer to depart from its normal practice and to require that all absent workers produce doctor's certificates before they would be allowed to return. A review of the record reveals that such a conclusion was supported by substantial evidence,[5] and we must also conclude that the large number of absences on that particular day, coupled with the failure of the petitioners to comply with their employer's reasonable instruction to produce medical certification of their alleged illnesses points to their participation in an illegal strike which in itself is sufficient to constitute willful misconduct. *Moran v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 195, 400 A.2d 257 (1979).

Nor can we agree with the argument that the petitioners were discriminated against. The record discloses that they were the only employees who were absent on the day in question who did not produce medical certificates, and we believe that such a distinction is a legitimate ground for the employer's refusal to reinstate them. *See Progress Manufacturing Co. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A.2d 632 (1962).

We will, therefore, affirm the order of the Board.

_____

[5] Where the employer has sustained its burden below to prove willful misconduct, our scope of review is limited to determining whether or not the Board's findings of fact are supported by substantial evidence. *Semon v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 417 A.2d 1343 (1980).

ORDER

AND Now, this 30th day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge CRAIG dissents.

Judge WILKINSON, JR. did not participate in the decision in this case.