Samuel Devine, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges Mencer, Rogers and MacPhail, sitting as a panel of three.

*Beverly L. Diego,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Mencer, May 29, 1981:

This is an appeal by Samuel Devine (claimant) from an order of the Unemployment Compensation Board of Review (Board). The Board ruled that the claimant was ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In support of its order, the Board adopted the following findings of fact made by its referee:

2. The claimant, on July 5, 1979, was placed on an indefinite suspension because of a confrontation with his superior.

3. There was a meeting between management, claimant and a union representative on July 13, 1979, at which time it was agreed that the claimant would seek medical help and submit a doctor's certification necessary for the insurance carrier of the employer to cover a paid leave of absence for the claimant.

4. The claimant was provided with a sick and accident claim form on July 16, 1979, to take to his physician and return signed by the physician and himself within twenty days.

5. The claimant returned the sick and accident claim form on July 17, 1979, which indicated that his ailment was job related; however, said information was placed on an incorrect form and the company requested that he and the physician fill in a correct one.

6. The claimant refused to comply with the request of the employer and left the premises.

7. The claimant filed a grievance with his union which was later withdrawn because he was again given an opportunity to apply for sick and accident benefits by the employer.

8. The claimant, again, failed to properly complete the form within the prescribed time period and he was terminated by telegram on September 4, 1979.

On appeal, the claimant contends that he was not guilty of willful misconduct for refusing to comply with his employer's request because (1) the employer's request that he complete a form to apply for disability benefits was unreasonable since the employer submitted no evidence to prove that he suffered from a mental or physical disability and (2) the referee's finding that he refused to complete the correct sick and accident form was not supported by substantial evidence.

The term "willful misconduct" has often been considered by this Court. *See Unemployment Compensation Board of Review v. Glenn*, 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have held that an employee's refusal to comply with a reasonable request of his employer constitutes willful misconduct. *Ritchie v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 87, 380 A.2d 519 (1977); *Horn v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 566, 364 A.2d 991 (1976). However, whether or not an employee's refusal constitutes willful misconduct depends upon the reasonableness of the request and the reasonableness of the refusal. *Semon v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980). We must evaluate both the reasonableness of the employer's request in light of all the circumstances and the employee's reasons for noncompliance. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Although the burden of proof is upon the employer to prove misconduct, where an employee attempts to justify the alleged misconduct by a showing of good cause, the burden of proving good cause is upon the employee. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

In the instant case, we must first decide whether the employer's request that the claimant be examined by a physician and complete a disability form was reasonable. Although denied by the claimant, the employer testified that the claimant caused a disruption at its place of business and assaulted his superior. The Board was entitled to believe the employer's testi-

mony. Determinations of credibility are within the province of the factfinder. *Borlak v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974). The employer requested that the claimant apply for sick and accident disability benefits only after consultation with the claimant's union and a review of the case. The employer testified that the union suggested that something might be either mentally or physically wrong with the claimant.

The claimant maintained that he was mentally and physically well. However, given the facts of this case, we could not expect the employer to concur, absent the corroboration of a physician. *Semon, supra,* 53 Pa. Commonwealth Ct. at 506, 417 A.2d at 1346. In this case, a medical examination was an essential element of the disability application procedure. The disability application procedure was an appropriate means to determine whether the claimant's earlier behavior "was a one time only reaction to pressure or a symptom of deeper difficulties." *Semon, supra,* 53 Pa. Commonwealth Ct. at 506, 417 A.2d at 1346. In the case at bar, it would have been unreasonable to require that the employer wait until further work disruption occurred before requesting a disability medical examination. *See Semon, supra,* 53 Pa. Commonwealth Ct. at 506, 417 A.2d at 1346.

The reasonableness of the employer's request was reinforced by subsequent events. The physician who examined the claimant diagnosed him to be suffering from anxiety neurosis. Moreover, the record is replete with substantial evidence to support the referee's finding that the claimant was not coerced but agreed to seek medical counsel and file for disability benefits.

There is also substantial evidence in the record that the claimant refused to accept the proper disa-

bility claim procedure, in contravention of the employer's express request. In reference to the claimant's disability application, the employer testified as follows:

A: . . . It was determined after the company reviewed Mr. Devine's application, that he had indicated that his application was due to: 'Work related.' Mr. Devine checked on the form that it was related to his work.

Q: Is this a form that should have been completed by the employee?

A: It is to be completed by the employee. That portion of the form. And it was brought to Mr. Devine's attention that by checking the inappropriate box, that it indicated that it was job related. It was pointed out that this particular Aetna form was for non-related [work] benefits, and if he felt it was a work related injury, he was to contact workmen's compensation authorities at which time he took back the application and had a converence [sic] with his union representatives, Mr. Furlong and Mr. Barnett, in private. Mr. Devine would not change his indication on the application and he still felt it was a work related injury and took the application and left the premises.

The claimant did not contradict the foregoing testimony. Instead, he twice acknowledged that he had completed an incorrect sick and accident form. In his signed Summary of Interview sheet, dated August 28, 1979, the claimant stated: "When I brought the form back I was told it was the wrong form. I was told this by the company and the union." In his petition for appeal from the referee's decision, he stated: "I was given the wronge [sic] form by the union it is not my falt [sic]." Since the Board found in its favor, the employer is entitled to be given the benefit of any in-

ferences which can reasonably and logically be drawn from the evidence. *Borlak, supra.*

Clearly, the claimant was notified that he had completed a disability form which was inappropriate if he believed that his disability was job related. He was given the option of reevaluating his disability or applying to the workmen's compensation authorities. He chose not to exercise it. The employer's request that the claimant apply for sick and accident benefits in the manner administratively appropriate to his type of disability was reasonable. The claimant refused to take those reasonable steps outlined by his employer to preserve the employment relationship. He demonstrated a disregard of the standard of behavior which his employer could rightfully expect. The claimant has offered no adequate reason for his refusal to report his disability in an appropriate manner.

Accordingly, we enter the following

### ORDER

AND Now, this 29th day of May, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-179696, dated January 14, 1980, denying benefits to Samuel Devine, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.