## Commonwealth v. Stayton

*Maurice Levin*, for Commonwealth.
*Robert Keins*, for defendant.

SMILLIE, *J.*, June 19, 1981— On August 8, 1980, under authority granted in Vehicle Code Sections 4724(a), 75 Pa.C.S.A. §4724(a), the Department of Transportation (D.O.T.), Bureau of Traffic Safety, suspended appellant George H. Stayton, Jr.'s Certificate of Appointment as an official inspection station for a period of nine months; six months for fraudulent record keeping and three months for failing to road test vehicles. Both offenses were committed by Carmen A. Scandone, a mechanic in Stayton's employ. Stayton appealed the suspensions to the court of common pleas.

On October 14, 1980, after a hearing and consideration, the Department's action was affirmed.

The appeal was dismissed and the Secretary of Transportation's order was reinstated. Petitioner has appealed from that order, necessitating the opinion herewith.

On April 30, 1980, two plainclothes Pennsylvania State Police Officers placed in Stayton's Service Station at 1025 Stanbridge Street, in Norristown, Pa., under surveillance. A routine visit approximately two months earlier by a State Police Inspection Station Supervisor revealed an abnormally high number of inspections were being conducted at Stayton's station. During surveillance the officers noticed inspection stickers being affixed to three automobiles which were never road tested, thus violating 67 Pa. Code Section 175.182, which requires a road test as the final step of an automobile inspection. Later, the officers returned and asked to examine the day's inspection report sheet. Examination revealed mechanic Carmen A. Scandone had falsely recorded on the inspection report sheets that road tests had been performed in violation of 67 Pa. Code Section 175.202, which prohibits fraudulent inspection record keeping.

Scandone later pled guilty for his part in violating inspection regulations.

George H. Stayton, Jr. contends his certificate of appointment as an official inspection station should not be revoked because he instructed Scandone to fully comply with D.O.T. regulations. In essence Stayton contends he should not be held responsible for the unlawful action of his employee.

Statutes in effect at the time of offense and D.O.T.'s revocation of Stayton's inspection certification provide otherwise: Section 4724(a) of the Vehicle Code, 75 Pa.C.S.A. §4724(a), provided in pertinent part: "The department . . . *shall suspend* the certificate of appointment issued to a station

. . . which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department. . . . " (Emphasis supplied.)

It is clear Stayton failed in his duty to assure conscientious adherence to D.O.T. regulations on the part of his employees. See 67 Pa. Code Section 175.221 which states, inter alia:

"The complete operation of an official inspection station shall be the responsibility of the owner. Failure to comply with the appropriate provisions of the Vehicle Code or departmental regulations shall be considered sufficient cause for suspension of all inspection privileges. . . . "

Testimony of two state police officers which included the admission of mechanic Scandone and the fact of his guilty plea clearly establish failure to comply with Vehicle Code Section 4724 which is sufficient cause for suspension of Stayton's inspection privileges. The testimony of the State Inspector and the Commonwealth's evidence was both credible and convincing.

Inspection station certificate holders are responsible for the actions of their employees committed in the scope of their employment. Station operators have strict responsibility for the conduct of their employees relative to inspection of motor vehicles: Com. Department of Transportation v. Searer, 50 Pa. Commonwealth Ct. 468, 472, 413 A. 2d 1157, 1159 (1980); Kennedy v. Com. Department of Transportation, 52 Pa. Commonwealth Ct. 616, 416 A. 2d 614 (1980).

We are constrained to uphold revocation of Stayton's inspection privileges. We note amendments to Vehicle Code Section 4724(a), 75 Pa. C.S.A. §4724(a), currently in effect afford the De-

partment discretion by making suspension permissive under the circumstances. In any event, these amendments, Act of June 18, 1980, P.L. 229, Section 5, eff. 60 days, 75 Pa. C.S.A. §4724(a)(supp.), became effective *after* Stayton's inspection privileges had been revoked. Nowhere do the amendments indicate they are to be applied retroactively. Statutes shall not be construed as retroactive unless clearly and manifestly so intended by the legislature: 1 Pa.C.S.A. §1926. The new provision is not applicable.

Suspension of Stayton's inspection privileges is based upon substantial evidence and is in accordance with the law. The appeal should be dismissed.