William Behe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Pennsylvania Airlines, Intervenor.

Argued September 15, 1983, before Judges Mac-Phail, Doyle and Barbieri, sitting as a panel of three.

*Gretchen M. Bath,* for petitioner.

Michael D. Alsher, with him Richard F. Faux, Associate Counsel, and Richard L. Cole, Jr., Chief Counsel, for respondent.

Michael Q. Davis, Campbell, Spitzer, Davis & Turgeon, for intervenor.

Opinion by Judge Doyle, November 25, 1983:

This is an appeal by William Behe (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying Claimant benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. 802(e).

Claimant was employed by Pennsylvania Airlines (Employer) as a commercial airline pilot. He was discharged for refusing to take a flight on his scheduled day off and refusing the Employer's demand that he travel from Williamsport to Middletown to submit to a physical examination. On application for unemployment compensation benefits following his discharge, Claimant was found ineligible by the Office of Employment Security (OES). Claimant filed a timely appeal and after a hearing, a referee affirmed the OES determination that Claimant had been discharged for willful misconduct and was therefore ineligible under Section 402(e). On appeal to the Board, the decision of the referee was affirmed. Appeal to this Court followed.

We have often held that an employee's refusal to comply with a reasonable request of his employer constitutes willful misconduct. *Devine v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 318, 429 A.2d 1243 (1981); *Ritchie v. Unemployment Compensation Board of Review*, 33

Pa. Commonwealth Ct. 87, 380 A.2d 519 (1977); *see also Horn v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 566, 364 A.2d 991 (1976). Whether the employee's refusal constitutes willful misconduct, however, depends upon the reasonableness of the request and the reasonableness of the refusal. *Devine; Semon v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980). The reasonableness of both the request and the refusal must be evaluated in light of all the circumstances. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *Devine.* Although an employee attempting to justify alleged misconduct by showing good cause bears the burden of proof, *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979), we must, in the first instance, determine whether the Employer's request was reasonable. *Frumento; Devine.*

In the case at bar, the record is clear that when first contacted about taking the flight on his day off, the Claimant refused, citing personal plans for that day. Later, when contacted again, Claimant reiterated his unwillingness to take the flight and indicated that he was not feeling well and would not be able to take the flight. Both the flight coordinator and the Vice President of Flight Operations testified that Claimant's allegations of illness were suspect. The vice president also testified that he gave Claimant only two options: take the flight or travel from Claimant's home in Williamsport, Pennsylvania to Middletown, Pennsylvania to be taken to a hospital by the vice president. Claimant refused both options and was discharged. It is uncontroverted that the options were presented at approximately 11:30 p.m. and that the distance from Williamsport to Middletown is in

excess of ninety miles. In its brief to this Court, the Board concedes that the distance is longer than the average commute.

Notwithstanding the Employer's doubts concerning the veracity of Claimant's allegations of illness, we do not believe the demand to travel over ninety miles to verify the extent of illness was reasonable. The pilot's manual operative in this circumstance states that a pilot "may be requested to present a doctor's certificate of illness, or visit the Company Flight Surgeon." Claimant was not requested to present a doctor's certificate nor was he told to report to a specific physician or flight surgeon.[1] He was told rather, as related in the testimony of the Employer's vice president, "that if he wasn't able to work the next day he would have to come to Middletown, at which time he and I would go to a hospital, at which time we would verify the extent of his illness. . . ." We cannot agree that refusal to comply with *this* demand was so inimical to the interest of the Employer so as to constitute willful misconduct. *Frumento.* The employer might reasonably have insisted on a doctor's certificate or even a telephone call from an examining physician to verify Claimant's illness, or specified a particular hospital or physician nearer to Claimant's location from which verification should come. Demanding that Claimant commute more than ninety miles was not a reasonable approach. *See Frumento.*

There is no question that a claimant's failure to verify an illness or submit to a physical examination on request of an employer may constitute willful misconduct. *See, e.g. Ritchie* (failure to submit doctor's

---

[1] The record contains no reference to a named flight surgeon and is devoid of any evidence indicating that the Airline had a regular flight surgeon.

certificate). *Devine* (refusal to submit to medical examination). The Employer's request in the instant case, however, demanded a commute of more than ninety miles to verify the illness. The request was unreasonable on its face, and Claimant's refusal to comply was justified.

Reversed.

### ORDER

Now, November 25, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-203262, dated February 9, 1982, is hereby reversed and the matter is remanded for the award of benefits. Jurisdiction is relinquished.