# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rochelle Wynder-Donovan,           :
           Petitioner     :
                            :
      v.                     :    No. 1309 C.D. 2016
                            :    Submitted: December 23, 2016
Unemployment Compensation     :
Board of Review,                 :
           Respondent   :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED: May 1, 2017**

Petitioner Rochelle Wynder-Donovan (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the Referee's decision and order denying Claimant Unemployment Compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] based on willful misconduct. For the reasons set forth below, we affirm the Board's order.

Claimant worked for Northwestern Human Resources (Employer) as a full-time receptionist. (Certified Record (C.R.), Item No. 8 at 4.) Employer terminated Claimant's employment on April 5, 2016. (*Id.*) Subsequently,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

Claimant filed for unemployment compensation benefits on April 6, 2016. (C.R., Item No. 2.) The Allentown Unemployment Compensation Service Center (Service Center) issued a determination finding Claimant ineligible for benefits for engaging in willful misconduct without presenting sufficient information to show that she had good cause for her actions. (C.R., Item No. 4.) Claimant appealed the Service Center's determination, and a Referee conducted an evidentiary hearing. (C.R., Item No. 5.)

At the hearing before the Referee, Employer presented the testimony of two witnesses. The first witness was Kenya Barret, a Human Resources employee. (C.R., Item No. 8.) Ms. Barret testified that Employer terminated Claimant's employment for insubordination in accordance with Employer's company policy—a policy that Claimant signed and received and that Employer made available to all employees via the Internet. (C.R., Item No. 8 at 5, 6, 7.) Ms. Barret further testified that Employer terminated Claimant's employment for engaging in insubordination when she refused to perform the cash deposit at Employer's direction. (C.R., Item No. 8 at 5.)

Next, Howard Weitz, Claimant's supervisor, testified that, because Employer was understaffed, it temporarily reassigned certain duties that traditionally belonged to the Business Office Manager. (C.R., Item No. 8 at 11, 12.) Among those reassigned duties was the cash deposit, which Employer assigned to Claimant, as she had performed the task successfully on two occasions, according to Mr. Weitz. (*Id.*) Mr. Weitz explained that Claimant had successfully collected money from the front desk and deposited that money into the bank. (*Id.*) Finally, Mr. Weitz testified that prior to tasking Claimant with the cash deposit responsibility, he had, along with the former Business Office Manager, conducted

2

a meeting with Claimant for the purpose of reviewing the responsibilities that the cash deposit task involved. (C.R., Item No. 8 at 12.)

In response, Claimant testified that she only performed the cash deposit duty in order to increase her chances of securing the recently vacant Business Office Manager position. (C.R., Item No. 8 at 11, 12.) After making an effort to perform the task, however, Claimant testified that she did not feel comfortable handling the amount of money involved because Employer failed to train her adequately. (*Id.*) Moreover, Claimant testified that she did not feel safe taking the deposits to the bank by herself and, therefore, did not want to undertake responsibility for the deposit money. (*Id.*) Claimant testified that she relayed those concerns to Employer by providing Mr. Weitz with an email to that effect. (C.R., Item No. 8 at 22.) The email provides: "I am no longer doing the cash deposit since I do not qualify, that is the office manager position. But I will continue to do my work at the front desk, do the blue treatment plans for medical records until the new staff is trained." (C.R., Item No. 8 at CL1.)

Following the hearing, the Referee issued a decision affirming the Service Center's determination, finding Claimant ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Law. (C.R., Item No. 9.) The Referee determined that Claimant engaged in insubordination by refusing to make cash deposits as her Employer instructed. (*Id.*) Specifically, the Referee found that Employer's instructions were reasonable, as they were temporary and Claimant had shown that she was able to complete the task successfully on two separate occasions. (*Id.*) As a result, the Referee determined that Claimant's refusal to comply with Employer's directive was without good cause, and,

3

therefore, Claimant's termination for willful misconduct was in accordance with the Law. (*Id.*)

Claimant appealed to the Board, and the Board affirmed the Referee's decision. (C.R., Item No. 11.) In so doing, the Board modified the Referee's findings of fact, in part. As a result, the relevant findings of fact are as follows:

1. The Claimant was employed full-time as a Receptionist with Northwestern Human Resources, earning $13.13 an hour. The Claimant was employed from February 5, 2001, through April 5, 2016, her last day worked.

2. Sometime in February 2016, the Claimant was instructed by the Employer that the Business Office Manager would be leaving, and they were seeking another Business Office Manager.

3. The Claimant agreed to perform cash deposits for the Employer on a temporary basis, an assignment generally required of the Business Office Manager.

4. The Claimant performed two cash deposits sometime thereafter, performing the task effectively.

5. The Claimant applied for the position of Business Office Manager, and was interviewed by the Employer.

6. The Employer later notified the Claimant that she was not accepted for the position of Business Office Manager, as she was not qualified.

7. On March 25, 2016, the Claimant's supervisor instructed her to perform a cash deposit; whereas the Claimant refused to perform the task.

8. On March 28, 2016, the Claimant emailed the [E]mployer, advising she no longer would perform the cash deposits.

9. On March 28, 2016, the Employer again spoke with the Claimant; whereas the Claimant again refused to comply with the instruction to make the cash deposit.

4

10. On March 30, 2016, the Claimant again refused to comply with the instruction to perform cash deposit.

11. On April 5, 2016, the Employer discharged the Claimant due to her ongoing refusals to make cash deposits as instructed by the Employer.

(*Id.*) Based on these facts, the Board affirmed the Referee's decision, holding that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Law. (*Id.*) The Board reasoned that Claimant engaged in willful misconduct by refusing to carry out the cash deposit. Furthermore, the Board found that Claimant's email was a retaliatory response to not receiving the Business Office Manager position. (*Id.*) As such, the Board rejected Claimant's assertion that she did not perform the cash deposits because she was uncomfortable with the task. (*Id.*) Claimant now petitions this Court for review.

On appeal,[2] Claimant presents two overarching arguments. Claimant first argues that the substantial evidence of record does not support the Board's findings of fact. Specifically, Claimant appears to take issue with findings of fact numbers 4 and 5. Claimant next argues that the Board erred in concluding that her actions constituted willful misconduct.

Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Similarly, even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

Claimant first argues that substantial evidence does not support finding of fact number 4, which provides that Claimant agreed to perform cash deposits for the Employer on a temporary basis. Here, Mr. Weitz testified that he had a meeting with Claimant to discuss the temporary reassignment of the Business Office Manager responsibilities during the transition period between the current and new Business Office Manager. (C.R., Item No. 8 at 11, 12.) One of those responsibilities included the cash deposits. (*Id.*) In that regard, Mr. Weitz testified that during the meeting, he reviewed the functions of the cash deposit task, and Claimant subsequently agreed to perform the responsibility. (*Id.*) Additionally, Claimant testified that she thought she was just performing the cash

6

deposit task temporarily. (C.R., Item No. 8 at 24.) This record evidence supports the Board's finding.

Claimant also argues that substantial evidence does not support finding of fact number 5, which provides, in sum, that Claimant effectively performed two cash deposits. Claimant's testimony directly contradicts her contention that such a finding is erroneous. Specifically, when the Referee asked Claimant, "so you did [the cash deposit] two times?" Claimant responded, "[d]id it twice." (*Id.*) Furthermore, when questioned about the cash deposits on cross-examination, Claimant testified, "but I tried it twice. I wasn't comfortable with it, but I tried it." (C.R., Item No. 8 at 24.) Substantial evidence of record exists, therefore, to support the Board's finding.

We next address Claimant's argument that the Board erred in concluding that she engaged in willful misconduct. Section 402(e) of the Law provides, in part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Whether an employee's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). The burden of establishing willful misconduct is on the employer. *Id*. at 368-69. The term "willful misconduct" is not defined by statute. The courts, however, have defined "willful misconduct" as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

7

*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425 (Pa. 2003).

Where an employer seeks to prove willful misconduct by showing that the claimant violated the employer's rule, directive, or instruction, the employer must demonstrate (1) the existence of the reasonable rule, directive, or instruction and (2) that the claimant violated it. *Devine v. Unemployment Comp. Bd. of Review*, 429 A.2d 1243, 1244 (Pa. Cmwlth. 1981). Moreover, the employer must establish that the claimant's actions were intentional or deliberate. *Tongel v. Unemployment Comp. Bd. of Review*, 501 A.2d 716, 717 (Pa. Cmwlth. 1985). Whether the employee's refusal constitutes willful misconduct depends upon the reasonableness of the request and the reasonableness of the refusal. *Behe v. Unemployment Comp. Bd. of Review*, 467 A.2d 1208, 1209 (Pa. Cmwlth. 1983). Notwithstanding, there should be no finding of willful misconduct where the claimant can show good cause for the violation. To show good cause, a claimant must demonstrate that her actions were justifiable and reasonable under the circumstances. *Walsh*, 943 A.2d at 369.

Employer argues that its directive was reasonable for two reasons. First, Employer contends that prior to requesting that Claimant perform the cash deposits, Claimant had agreed to perform the duty and, thereafter, had successfully completed the task on two occasions. Second, Employer asserts that because it was short-staffed, it needed Claimant to perform temporarily the cash deposits until Employer could hire new employees. Because an employer has the right to direct its workforce, which includes the right to instruct employees to take on important tasks that they otherwise would not have to assume, Employer's directive was reasonable. *See Hershey v. Unemployment Comp. Bd. of Review*, 605 A.2d 447, 449 (Pa. Cmwlth. 1992). Moreover, Claimant intentionally

8

violated Employer's reasonable directive. Here, the Board found that Claimant's supervisor instructed her to perform a cash deposit on three separate occasions, and, on each occasion, Claimant refused to perform the task, even at the risk of termination. Accordingly, Employer produced credible evidence that Claimant failed to comply with Employer's reasonable directive to perform the cash deposits. (*Id.*) Employer, therefore, sustained its burden of establishing a *prima facie* case of willful misconduct.

Because Employer established its *prima facie* case of willful misconduct, the burden shifted to Claimant to prove she had good cause for deviating from the policy. As previously mentioned, in order to prove "good cause," a claimant must demonstrate that her actions were justifiable and reasonable under the circumstances. *Walsh*, 943 A.2d at 369. Claimant seemingly contends that her actions were justifiable under the circumstances for several reasons. First, the cash deposits were never a part of her job responsibility. Second, Employer failed to properly train Claimant to perform the task. Third, Claimant was unqualified to perform the task, as evidenced by Employer's decision that she did not qualify for the Business Office Manager position. Finally, Claimant did not feel comfortable handling the amount of money involved because Employer had not adequately trained her.[3] In support of her position, Claimant relies on her testimony that she felt unsafe taking the money to the bank by herself and, therefore, did not want to accept responsibility for the deposit money.

---

[3] Claimant also argues in her brief that she had good cause because Employer created a hostile work environment and overworked Claimant. Claimant, however, did not provide any testimony during the hearing before the Referee that she considered her work environment to be hostile or that she could not do the cash deposit because she was overworked. We, therefore, reject these arguments.

9

Claimant also relies on an email she sent to her supervisor, Mr. Weitz, stating "I am no longer doing the cash deposit since I do not qualify, that is the office manager position. But I will continue to do my work at the front desk, do the blue treatment plans for medical records until the new staff is trained." (C.R., Item No. 8 at CL1.) Claimant contends that the email put Employer on notice that she was uncomfortable performing the cash deposit.

We agree with the Board that Claimant failed to demonstrate that her actions were reasonable and justifiable under the circumstances. It is immaterial that cash deposits had not previously been a part of Claimant's job because, as noted above, Employer has the right to direct the workplace. As to a lack of training or ability, the Referee found that Claimant had successfully performed the cash deposit on two occasions. Moreover, if Claimant required more training, she could have requested more training from Employer. Furthermore, only after Employer advised Claimant that it had not selected her for the Business Office Manager position did Claimant voice her concerns about being unqualified. At all other times, the Referee found that Claimant had capably performed the cash deposit. Regarding Claimant feeling uncomfortable, Claimant's email makes no mention whatsoever of her lack of training, concern for her safety, or other discomfort she may have felt about carrying out the cash deposits.

Instead, the Board found that Claimant's email constituted a retaliatory response to her not receiving the Business Office Manager position. Although Claimant avers that her email could not have served as a retaliatory response because of the additional shifts she worked following Employer's rejection of her bid for the position, Claimant, nonetheless, ignores the fact that she failed to present credible testimony that she informed Employer that she was

10

uncomfortable with performing the cash deposit. As a result, Claimant failed to demonstrate that her actions were reasonable and justifiable under the circumstances, and, therefore, her actions did not constitute good cause for engaging in willful misconduct under Section 402(e) of the Law.

Accordingly, the Board's decision is affirmed.


_____
P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rochelle Wynder-Donovan, : 
                    Petitioner : 
           : 
          v. :   No. 1309 C.D. 2016
           : 
Unemployment Compensation : 
Board of Review, : 
                  Respondent : 

# **O R D E R**

AND NOW, this 1st day of May, 2017, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge