Denise M. Bigley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MEN-
CER, BLATT and MACPHAIL, sitting as a panel of three.

*John M. Silvestri,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with
her *Robert P. Kane,* Attorney General, for respond-
ent.

OPINION BY JUDGE MACPHAIL, November 24, 1978:
This is an appeal from an order of the Unemploy-
ment Compensation Board of Review (Board) affirm-
ing the referee's decision, denying unemployment
compensation benefits to Denise M. Bigley (Claim-
ant).

Claimant was employed as a stock girl by Zayre Department Store for approximately sixteen (16) months preceding the termination of her employment on January 10, 1977. The Claimant filed an application for unemployment compensation benefits which was denied by the Bureau of Employment Security (Bureau) on the basis that the Claimant had voluntarily quit her employment without cause of a necessitous and compelling nature pursuant to the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). On appeal, and after a hearing, the referee affirmed the Bureau's decision, finding the following facts, *inter alia*:

3. Again on January 10, 1977, the claimant talked with the store manager about being transferred, and the manager indicated he would see what he could do.

4. The claimant voluntarily terminated her employment because she felt the store manager was not treating her fair.

These findings of fact are the crux of the Claimant's argument in the instant appeal.

Our scope of review is limited to questions of law and, absent fraud, a determination of whether or not the findings of fact are supported by substantial evidence. *Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977).

As we have noted, Claimant was employed as a stock girl, a job which entailed lifting and carrying cartons of oil. In mid-December of 1976 Claimant had a pregnancy test, at the Allegheny Women's Clinic, which proved to be positive. Thereafter, she immediately approached her supervisor to tell him she was pregnant. Claimant requested that she be trans-

ferred to lighter work, which he repeatedly told her would be arranged. Claimant testified that she did not consult a physician, regarding her condition, until sometime after January 10, 1977. The baby was expected to be born July 22.

On January 10, 1977, Claimant, her husband and her employer were involved in a confrontation regarding her requested change to lighter work. Although the Claimant contends that she was discharged at that time, the Bureau, the referee and the Board found that she voluntarily quit her job. There is substantial evidence in the record to support that finding.

Claimant's principal contention is that she terminated her employment for necessitous and compelling reasons. The burden of proving that contention is upon the Claimant. The criteria for determining whether such reasons exist are that the Claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination (2) inform the employer of the health problems and (3) specifically request the employer to transfer him to a more suitable position. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977).

There is no question that Claimant complied with the second and third requirements set forth in *Deiss, supra,* but it must be noted that when Claimant requested more suitable work, she was informed that her request would be granted. However, it is clear from the record that the request was not being granted soon enough to suit the Claimant. Be that as it may, Claimant has failed to prove that *at the time of termination* she had adequate health reasons to justify termination. The only evidence submitted for the consideration of the referee and Board on that point was (1) the Claimant's testimony that she was having some back pains and (2) a doctor's certificate, dated

March 4, 1977, which states, "[c]laimant is pregnant. She is not supposed to lift heavy weights." Of course, the mere fact that that certificate is dated after the termination of employment does not render it incompetent, but the fact that there is nothing in it which relates to the Claimant's condition on *January 10, 1977,* the date of termination, does make it ineffective to sustain the Claimant's burden of proving that her condition of health justified termination on that date. *Deiss v. Unemployment Compensation Board of Review, supra.* The reasons for such a requirement, especially in pregnancy cases, are set forth in detail in *Unemployment Compensation Board of Review v. Perry,* 22 Pa. Commonwealth Ct. 429, 349 A. 2d 531 (1975) and do not bear repeating here.

In summary, we affirm the Board's conclusion that Claimant has failed to meet her burden of proving that she quit for compelling and necessitous reasons.

Accordingly, we will affirm the Board's order.

ORDER

AND Now, this 24th day of November, 1978, the order of the Unemployment Compensation Board of Review, dated June 15, 1977, denying benefits to Denise M. Bigley, is affirmed.