Paulette Paige, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

142

Argued September 14, 1978, before Judges Mencer, DiSalle and MacPhail, sitting as a panel of three.

*Marian E. Frankston,* with her, of counsel, *William Botts, III,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Daniel R. Schuckers,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge MacPhail, December 11, 1978:
This is an appeal from an order of the Unemployment Compensation Board of Review (Board), reversing the decision of the referee, and denying unemployment compensation benefits to Paulette Paige (Claimant).

Claimant was employed by the Olivetti Corporation, as a fitter and adjustor in the assembly of business machines for a period of two (2) years preceding her discharge on June 10, 1976. After her discharge, Claimant filed an application for benefits which was denied by the Bureau of Employment Security (Bureau) on the basis that her discharge was due to willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). On appeal and after a hearing, the referee reversed the Bureau's decision and granted benefits. The referee premised this decision on the conclusion that Claimant's actions giving rise to her dismissal were not sufficiently work connected, and ruled that "[t]here is nothing in the record on which a conclusion of either defiant or deliberate inattention to the duties of her job or her responsibilities to her employer can be predicated." Claimant's employer appealed, and in an order dated April 4, 1977, the Board reversed the decision of the referee.

Our scope of review here is limited to questions of law and, in the absence of fraud, to a determination of whether the Board's finding of willful misconduct was based upon substantial evidence. *Holtzman v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977); *Barnett v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 581, 372 A.2d 48 (1977).

In the instant appeal the record discloses substantial evidence to support the findings of fact. The issue then is whether those findings will support the Board's legal conclusions. It is well settled that an error of law is reviewable by this Court and as emphasized in *Roebuck v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 491, 382

A.2d 482 (1978), whether or not an employee's action resulting in his or her dismissal is one of willful misconduct is an issue of law and subject to review by this Court. *See also O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

In the instant case the Board's findings of fact were as follows:

1. Claimant was last employed as a Fitter and Adjustor by the Olivetti Corporation of America for two years at a final rate of $4.44 per hour and her last day of work was June 10, 1976.

2. On June 9, 1976, the claimant and another employe engaged in a physical altercation in the washroom of the employer's establishment.

3. During the fight, which occurred after the end of the claimant's shift, both employes exchanged blows with each other.

4. On June 10, 1976, the claimant was discharged for fighting on company premises.

On these findings, the Board concluded that the Claimant was ineligible for benefits because her actions constituted willful misconduct as defined in Section 402(e) of the Act.

It is well settled that the burden of proving willful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). In the instant appeal, the testimony before the referee was presented by the Claimant and the employer's representative. The employer's representative did not witness the altercation. His testimony was based upon an investigation he made immediately after the incident by questioning the Claim-

ant and her adversary. As we have noted, that testimony is sufficient to warrant the Board's findings of fact, but the question remains of whether those findings warrant the conclusion that the Claimant was guilty of willful misconduct. Of course, this is a different question from that of whether the employer had the right to discharge the employee. The Claimant maintained in her testimony that she did not instigate the physical contact and that she had no opportunity to retreat in order to avoid the altercation. It has been held that where facts have been established which justify good cause for the alleged misconduct, benefits should not be denied. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

Here, the Board's findings establish only that the fight occurred in the washroom after working hours and that both employees exchanged blows. The Board concluded from those facts alone, and without consideration of the issue of justification, that the Claimant was guilty of willful misconduct. As we have also previously noted, the Claimant's unrebutted testimony, if believed, is that she was not the aggressor and that she could not in any way avoid the aggressor. We conclude that the present findings of fact in this case do not demonstrate "willful disregard of the employer's intent or rules or the standard of conduct the employer has a right to expect." *Frumento, supra,* at 87, 351 A.2d at 634.

Accordingly, we must also conclude that · the Board's present findings are insufficient as a matter of law to establish willful misconduct resulting in a denial of unemployment compensation benefits to the Claimant. Therefore, we will remand to the Board for the making of new and adequate findings of fact. *See Curtis v. Unemployment Compensation Board of Re-*

146

*view,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977).

ORDER

AND Now, this 11th day of December, 1978, this case is remanded to the Unemployment Compensation Board of Review for the making of new and adequate findings of fact.