Murraysville Telephone Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Robert J. Murtland, Intervenor.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*William D. Boyle,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, for respondent.

*Deborah R. Willig,* with her *Richard H. Markowitz,* and *Markowitz & Kirschner,* for intervenor.

OPINION BY JUDGE MACPHAIL, March 2, 1979:

Murraysville Telephone Company (Company) appeals from an order of the Unemployment Compensation Board of Review awarding Robert J. Murtland (Claimant) unemployment compensation benefits.

Claimant had been employed by Company for more than four years as a test desk man. He was terminated when Company discovered that Claimant had obtained a list of Company's employees from another employee working in another department. The computer list included both names and addresses of each employee but did not contain any other information.

Claimant's petition for unemployment compensation benefits was denied by the Bureau of Employment Security and the referee because of Claimant's willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The Board reversed the decision of the referee, finding that Company failed to meet its burden of proving willful misconduct.

Our scope of review is limited to questions of law and, in the absence of fraud, to a determination of whether the Board's findings are based upon substantial evidence. *Paige v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 141, 394 A.2d 1318 (1978). Whether or not an employee's conduct resulting in his or her dismissal is willful misconduct is an issue of law and subject to review by this Court. *Paige, supra.* The burden of proving willful misconduct is on the employer. *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978). For behavior to constitute willful misconduct, it must evidence (1) wanton and willful disregard of employer's interest (2) deliberate violation of employer's rules (3) disregard of standards of behavior which an employer can rightfully expect from his employee or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Schappe, supra.*

In the instant case Claimant was discharged according to Company's representative because he was "implicated in the theft of confidential Company material." The "confidential material" was a list of Company's employees by name and address. The only evidence presented by Company that the list was confidential was testimony by Company's representative that those working in the payroll department had been verbally informed that the information was confidential. There was no evidence whatsoever that Claimant was ever aware of that policy. There was no evidence of "theft" of the list. The uncontradicted testimony is that Claimant asked a fellow employee who worked in the payroll department if such a list was available. He was told that it was. Claimant asked the employee if he could obtain a copy, and he was told that he

could. Thereafter, the list of employees was delivered to Claimant. Finally, Claimant testified without objection that similar employee lists had been made available to other Company employees to his own personal knowledge, the latest instance being for the preparation of a wedding invitation list.

Obviously, before an employee can be guilty of violating an employer's rule, he has to be made aware of that rule. Claimant testified that he obtained the list in connection with an attempt being made to organize Company's employees. We are not prepared to say as a matter of law that such a motive is or is not violative of Company's best interests, since the issue here is whether what the Claimant *did* in furtherance of that purpose constituted willful misconduct. We cannot say as a matter of law, on the basis of the record available to us, that he did.

Order affirmed.

ORDER

AND Now, this 2nd day of March, 1979, the order of the Unemployment Compensation Board of Review, dated July 11, 1977, awarding Robert J. Murtland, Claimant, unemployment benefits, is hereby affirmed.