Marvin Stewart, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*William G. Dade,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 7, 1979:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's decision denying benefits to Marvin Stewart (Claimant) because of willful misconduct.[1]

Claimant had been employed by the Philadelphia College of Osteopathic Medicine (Employer) for three and one half (3½) years preceding his discharge on June 23, 1977. On June 10, 1977 he was involved in a motor vehicle accident which resulted in his personal injury. He called his Employer on June 14. The substance of that call is in dispute. The Employer's representative who received the call testified that Claimant told her he would be off work "the rest of the week." She testified that she noted Claimant's call in her log book and that she expected him to return June 20. The next contact Claimant had with the Employer was on June 30 when he inquired about his pay. Claimant did not work after June 10.

Claimant testified to a different version of the telephone conversation with the Employer's representative. He said that he told the secretary he was going to be hospitalized, that he did not know when he would be able to return to work, and that the secretary told him to be sure to bring a doctor's certificate with him when he did return.

On June 23 the Employer sent a letter of termination to the Claimant stating that he was being dis-

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

charged because of his absence from work on June 20, 21, and 22 without notice.[2] The labor-management agreement at the college provided that absence without notice for three consecutive days would be cause for termination. Although Claimant said he was unaware of this rule, Employer's representative testified that every employee had received a copy of that rule.

The Board obviously believed the Employer and not the Claimant because it found that Claimant was absent from work June 20, 21, and 22 without any notice to the Employer. The referee had found the same fact. The Board concluded that such conduct on the part of the Claimant constituted willful misconduct.

Many times we have said that knowing violation of an Employer's work rule is willful misconduct. Many times we have said that the conflicts in the testimony must be resolved by the fact finder. Here the undisputed fact is that Claimant did not work June 20, 21, or 22. The fact finder has found that Claimant did not give his employer notice that he would be off on those days. Since there is substantial evidence to support that finding, it is conclusive upon us. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Order affirmed.

### ORDER

AND Now, this 7th day of June, 1979, the order of the Unemployment Compensation Board of Review dated March 2, 1978 denying benefits to Marvin Stewart is affirmed.

---

[2] The notice was returned to the Employer with a notation that Claimant had moved and the letter was not forwardable. In fact, the Claimant had moved some time before his accident and had not reported his change of address to the Employer.