Albert M. Bender, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and District Council No. 33 Legal Services, Respondents.

Argued September 14, 1979, before Judges MEN-
CER, BLATT and MACPHAIL, sitting as a panel of three.

No appearance for appellant.

*Peggy Browning,* with her *Elsa Newman,* Assistant
Attorney General, *Gerard J. Jackson, Louis H. Wil-
derman,* and *Meranze, Katz, Spear and Wilderman,*
for appellee.

OPINION BY JUDGE MACPHAIL, November 8, 1979:
This is an appeal from an order of the Unemploy-
ment Compensation Board of Review (Board) affirm-
ing the referee's decision denying benefits to Albert
M. Bender (Claimant).

Claimant was employed as a staff attorney for District Council No. 33 Legal Services (Employer) for approximately nineteen months. On October 14, 1977, the Chairman of the Board of Legal Services terminated Claimant's employment. Claimant applied for and was granted benefits by the Bureau of Unemployment Security (Bureau).[1] Employer filed an appeal on November 7, 1977. After a hearing, the referee reversed the Bureau and disallowed benefits due to willful misconduct on Claimant's part.[2] Upon Claimant's appeal from the referee's decision, the Board ordered a remand hearing. After that hearing, the referee again denied benefits and the Board affirmed the referee's decision. This appeal followed.

Our scope of review is limited to questions of law and, absent fraud, a determination of whether or not the findings are supported by substantial evidence. *Bigley v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 569, 393 A.2d 1312. (1978).

Claimant argues that Employer failed to sustain its burden of proof and that the findings of fact were not supported by substantial evidence. We disagree.

Of course, Claimant is correct that the burden of proving willful misconduct is on the Employer. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979). The record here indicates that the Employer offered testimony of offenses ranging from repeated tardiness and failure to properly represent a client, to threatening co-workers with bodily harm. Although Claimant denied all miscon-

---

[1] The Bureau has been renamed the Office of Employment Security, *see* 9 Pa. B. 2879 (1979).

[2] Pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

duct and offered testimony to rebut Employer's claims, the referee chose to believe the Employer's witnesses. We have often stated that conflicts in the testimony must be resolved by the fact finder. *Stewart v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979). Inasmuch as there is substantial evidence in the record to support the referee's findings, those findings are conclusive upon us. *Id.*

Finally, Claimant argues that the Board's decision was contrary to law because the evidence failed to prove that Claimant was guilty of willful misconduct. The referee found as a fact that Claimant was terminated because of his work performance. It is well settled that,

> [f]or behavior to constitute willful misconduct, it must evidence (1) wanton and willful disregard of employer's interest (2) deliberate violation of employer's rules (3) disregard of standards of behavior which an employer can rightfully expect from his employee or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employee's duties and obligations.

*Murraysville, supra,* at 37, 398 A.2d at 251. The referee and the Board found that the evidence of Claimant's misconduct in the instant case meets those tests. We agree.

Accordingly, we affirm.

## ORDER

AND Now, this 8th day of November, 1979, the order of the Unemployment Compensation Board of Review, dated June 29, 1978 denying benefits to Albert M. Bender is hereby affirmed.