Betty L. Lynn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three:

Raymond H. Bogaty, Bogaty, McEwen & Sparks, for petitioner.

Elsa D. Newman-Silverstine, Assistant Attorney General, with her Richard Wagner, Chief Counsel, and Harvey Bartle, III, Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 1, 1981:

The Pennsylvania Unemployment Compensation Board of Review affirmed the referee's denial of unemployment compensation benefits to Betty L. Lynn, finding that she had voluntarily terminated her employment without a necessitous and compelling reason.[1] We affirm.

Lynn, a newspaper reporter, quit her job following a reprimand by her employer for influencing the judges of a Halloween parade. She advances the

---

[1] See Section 402 (b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1).

employer's reprimand, dissatisfaction with her pay rate, a personality conflict with a co-worker, and poor health as necessitous and compelling reasons for her voluntary termination.

The law is clear. Resentment of a reprimand, absent unjust accusations, profane language or abusive conduct, *Krieger v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 103, 415 A.2d 160 (1980); mere disappointment with wages, *Snyder v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 258, 421 A.2d 530 (1980); and personality conflicts, absent an intolerable working atmosphere, *Sabella v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 258, 415 A.2d 722 (1980), do not amount to necessitous and compelling causes. Our careful review of the record does not disclose justification for claimant's voluntary termination.

Lastly, Lynn submits that she was compelled to resign for medical reasons. Although Lynn may have carried the burden of proving adequate health reasons for quitting, the record is devoid of any evidence that Lynn notified her employer of her health problem or requested a transfer to a more suitable position as required by our decision in *Bigley v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 569, 393 A.2d 1312 (1978).

Affirmed.

ORDER

The decision of the Unemployment Compensation Board of Review, dated May 9, 1979, denying unemployment compensation benefits to Betty L. Lynn is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.