Robert E. Maikits, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 15, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David A. Scholl*, for petitioner.

*Charles G. Hasson*, Assistant Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 10, 1983:

Robert E. Maikits (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed and adopted a referee's decision holding that Claimant was ineligible for unemployment compensation benefits on the basis of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Claimant was employed as a truck driver for Keystone Food Products (Employer). On September 13, 1981, Claimant left his Employer's plant to make deliveries in several New England states. After making all but his last delivery, Claimant encountered problems with the fuel line in his truck. Claimant called his traffic manager who arranged to have their leasing

agent dispatch a mechanic to make the repairs and give him $20.00 worth of fuel. Claimant was then instructed to proceed to his last stop in Meriden, Connecticut. Claimant balked at this instruction and argued with the traffic manager. Claimant did not have any cash with him for the remainder of the trip. He had used his last $27.00 to purchase fuel and had not taken the $200.00 advance money provided by his Employer for his expenses with him on this trip. Despite instructions otherwise, Claimant failed to make his final delivery. He proceeded directly home because he was "mad" at his traffic manager and also because he did not have enough money to purchase gas or a motel room to make the last delivery in Connecticut.

The Board found that by reason of Claimant's actions, Employer incurred additional delivery costs because another truck and driver had to be dispatched to make Claimant's delivery to the irate Connecticut customer, and that this, coupled with the fact that Claimant did not follow his Employer's policy of carrying expense money with him on trips and his statement that his anger toward his traffic manager was the reason he returned home rather than make his scheduled delivery, caused the Employer to discharge Claimant. The Board determined Claimant's actions in these respects amounted to willful misconduct since his unauthorized action was not in the best interest of his Employer and was a violation of conduct the Employer had every reason to expect of his employee.

Claimant challenges this decision alleging that his conduct was not willful since the Employer failed to prove the existence of a rule, requiring the carrying of advance money, which Claimant disregarded. There is no merit in this contention. It is not always necessary to show the violation of a company rule to establish willful misconduct. It is sufficient to establish

willful misconduct that an employer prove that an employee disregarded standards of behavior which an employer can rightfully expect. *Bender v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 228, 407 A.2d 920 (1979). Here the Employer always provided its truck drivers with advance expense money prior to their departure. This money was to be used for gas, food and lodging during the driver's travels. It was a reasonable expectation of Employer to count on Claimant to make his scheduled deliveries and carry expense money to cover the costs of his trip including any unforeseen breakdowns.

Claimant next challenges the Board's holding alleging that his discharge, without any prior offenses, was violative of the Employer's own handbook requiring a lesser penalty than discharge for leaving a work area without permission, or negligent conduct causing injury or damage, the only two offenses enumerated in the handbook of which Claimant alleges he can be found guilty. The question to be answered here, however, is not whether Claimant should have been discharged but whether he should receive unemployment compensation benefits. An employer may discharge an employee for any number of reasons, but whether or not the reason for the discharge disqualifies claimant from receiving unemployment compensation benefits depends on the circumstances of each case. Under the circumstances presented here, Claimant's conduct does disqualify him from receiving such benefits. This Court has stated several times before that a single dereliction of duty may constitute willful misconduct, where such conduct is more than of a minor, casual or insignificant nature, and where, as here, there is a knowing violation of an Employer's instructions. *Wright v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982).

Claimant's last contention is that he had good cause for violating Employer's request and the Board's failure to make specific findings on that issue is grounds for a remand. We find this argument unpersuasive. In *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980), rev'd on other grounds, Pa. , A.2d (No. 80-3-673 October Term 1982, filed December 30, 1982), this Court stated that where there is nothing in the record to indicate that Claimant's actions were reasonable or justifiable under any circumstances, the Board does not err where it concludes that a claimant's conduct constitutes willful misconduct, even when the Board does not set forth specific fact findings and conclusions of law on the issue of good cause. In the present case, Claimant had many options available to him. He could have wired home for the advance money he had not taken with him, or he could have arranged a loan from one of the other truck drivers he saw. Claimant's actions were not reasonable or justifiable under any circumstances.

Order affirmed.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, dated January 19, 1982, and numbered B-202746 is hereby affirmed.