583 So.2d 626 (1991)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
McLANE-SOUTHERN, INC.
No. 90-CC-1058.
Supreme Court of Mississippi.
July 17, 1991.
Jan Garrick, Jackson, for appellant.
Peyton S. Irby, Jr., Watkins Ludlam & Stennis, Jackson, for appellee.
Before ROY NOBLE LEE, PITTMAN and BANKS, JJ.
PITTMAN, Justice, for the Court:

I.
We are called upon to determine whether the exercise of self-defense in a fight started by a fellow employee is (1) "misconduct" within the meaning of Miss. Code Ann. § 71-5-513(A)(1)(b), as defined by this court in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982), disqualifying the discharged employee from receiving unemployment benefits, and (2) whether the findings and decision of the Board of Review are supported by substantial evidence.
The employer appealed to the Circuit Court of Lincoln County the Board of Review's decision holding that the facts did not constitute "misconduct". The Circuit Court reversed and denied benefits to the employee. The employee appeals to this court alleging that the employer failed to *627 meet its burden of proof to establish disqualifying misconduct by "substantial, clear and convincing evidence." Shannon Engineering and Construction, Inc. v. Employment Security Commission, 549 So.2d 446, 450 (Miss. 1989). We reverse, and reinstate the decision of the Board of Review of the Mississippi Employment Security Commission awarding unemployment benefits to Patricia Mobley.

II.
The Findings of Fact of the Appeals Referee, adopted and agreed to by the Board of Review, are sufficient here for our purpose, and they are as follows:
Claimant was employed as a selector with McLane-Southern, Inc., Brookhaven, Mississippi, for five years at the rate of $6.75 per hour ending February 28, 1990. She was discharged for being involved in an altercation with an employee on the employer's premises. On February 27, 1990, claimant's crew leader had told everyone to come to the first floor. Claimant was coming down the stairs and an argument took place between claimant and another employee. The argument continued and the employee struck the claimant. Claimant maintains she did not strike the employee but was trying to protect herself. The employee also pulled a cutter out of her back pocket and other employees came in and stopped the altercation. Claimant was aware that altercations on company property was [sic] against company policy. Claimant and the employee were taken to the office where each individual told their story. There were also statements taken from witnesses of the incident. After meeting with the claimant and the employee, both were told to clock out and return Wednesday morning, February 28, 1990. Claimant was advised on February 28, 1990, that she was being discharged for the altercation on company property which is against company policy.
On these facts, the Appeals Referee held that the employee was guilty of disqualifying (willful) misconduct because although the employee/claimant was "trying to protect herself," she "did not make sufficient effort to avoid the altercation with the employee." As noted above, the Board of Review rejected the referee's conclusion, and on appeal, the Circuit Court reversed the decision of the Board of Review.

III.
Miss. Code Ann. § 71-5-513(A)(1)(b) (1972) provides in part that an individual shall be disqualified for benefits "for misconduct connected with his work." This Court has adopted the following definition of the term "misconduct":
[C]onduct evidencing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d at 1383.
The Court stated further in that opinion:
The conduct may be harmful to employer's interest and justify the employee's discharge; nevertheless, it evokes the disqualification for unemployment insurance benefits only if it is willful, wanton, or equally culpable.
* * * * * *
There is little disagreement that work-connected negligence or inefficiency constitutes "misconduct" within the meaning of the applicable statute precluding a discharged employee for unemployment compensation benefits when of such degree or recurrence as to manifest culpability, *628 wrongful intent, evil design, or an intentional and substantial disregard of an employer's interests or of an employee's duties and obligations. Conversely, mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, isolated instances of ordinary negligence, or good-faith errors in judgment or discretion are not considered "misconduct" precluding a discharged employee from unemployment compensation benefits.
Id.
The Board of Review found that there was not sufficient evidence to support a finding that the employee was guilty of willful misconduct within the meaning of that term. The scope of review applicable both to the Circuit Court and this Court is stated in Miss. Code Ann. § 71-5-531 (Rev. 1989):
In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
The decisions of this Court have stated that the word "evidence" means "substantial evidence" which is not uncorroborated hearsay. Williams v. Mississippi Employment Security Commission, 395 So.2d 964, 966 (Miss. 1981). The burden of proving "misconduct" is the employer's and to do so by "substantial, clear, and convincing evidence." Shannon, 549 So.2d at 450.

IV.
The employer sought to meet its burden of proving misconduct in this case by the use of hearsay evidence rather than by the direct testimony of available witnesses. There were only three witnesses who testified at the hearing: The employer's Distribution Center Manager, Jerry Allen; its Human Resource Manager, Stan Hay; and the employee, Patricia Mobley.
A nine-page document prepared by the employer was received in evidence without a sponsoring witness and over the objection of the employee. In those documents was a two-page report prepared by the security officer employed by Pendleton Detectives. Also included was a three-page summary of witness testimony. That summary is not signed nor is there any proof in the record of who prepared it. Three handwritten statements of witnesses were included, and the employer also introduced a one-page list of safety rules which included a prohibition of fighting or provoking a fight.
Patricia Mobley, the only eyewitness who testified at the hearing, testified that Dorene Fells (a fellow employee) snatched a box out of her hand. When she asked Dorene if there was a problem, Dorene said "Yes, I'm fixing to take it out on you." Then Dorene pushed Mobley back onto some totes and between some stairs. Dorene reached for a cutter and jumped down on top of Mobley. Mobley testified "[t]here was no lick passed back by me other than grabbing her hand to keep her from cutting me." When other employees separated them, Dorene was still trying to cut Mobley.
Because of this altercation, Mobley filed charges of assault against Dorene Fells, and several days later, Dorene was found guilty of simple assault, fined, and given a ten day suspended sentence by the Justice Court.
This Court has held that uncorroborated hearsay testimony is insufficient to rise to the required level of substantial evidence. See Williams v. Mississippi Employment Security Commission, 395 So.2d at 966. Since the employer offered nothing more in this case, it failed to meet its burden of proving disqualifying misconduct by substantial, clear, and convincing evidence.
Moreover, we hold that, regardless of the sufficiency of the proof offered by the employer, the fact that an employee has been involved in an isolated fight with a fellow employee at the workplace, standing alone, is not "misconduct" within the meaning of section 71-5-513(A)(1)(b) so as to disqualify that person from receiving *629 unemployment benefits should that person be discharged as a result of the fight. See Brown v. Lockwood, 380 So.2d 685 (La. Ct. App. 1980); Sun Oil Co. v. Commonwealth Pennsylvania Unemployment Compensation Board of Review, 48 Pa.Cmwlth. 21, 408 A.2d 1169, 1170 (Pa. Commw. Ct. 1979); Paige v. Com., Unemployment Compensation Board of Review, 39 Pa.Cmwlth. 141, 394 A.2d 1318, 1319 (Pa. Commw. Ct. 1978); Diepenhorst v. General Electric Co., 29 Mich. App. 651, 185 N.W.2d 637, 639 (Mich. Ct. App. 1971); Williams v. Brown, 157 So.2d 237, 238 (La. Ct. App. 1963).

V.
Accordingly, we reverse the Circuit Court, and reinstate the decision of the Board of Review awarding unemployment compensation benefits to the employee, Patricia Mobley.
REVERSED AND REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without separate written opinion.