IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60677
Summary Calendar

_____


LOYD E CRIDDLE

                                     Plaintiff-Appellant

v.

PIGGLY WIGGLY OF AMORY, INC

                                     Defendant-Appellee


_____

Appeal from the United States District Court
for the Northern District of Mississippi
Docket No. 1:98-CV-271-JAD
_____

March 23, 2000

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Loyd Criddle ("Criddle") appeals the

district court's entry of summary judgment in favor of Defendant-

Appellee Piggly Wiggly of Amory, Inc. ("Piggly Wiggly").  We

AFFIRM.

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. BACKGROUND

Criddle is a former assistant-manager at a Piggly Wiggly supermarket in New Hope, Mississippi. Criddle was fired from this position on January 30, 1998. At the time of his termination, Criddle was fifty-seven years old. Criddle claims that he was fired because of his age. Piggly Wiggly contends that Criddle was fired because he was causing morale problems among store employees by undermining the store manager's authority, and by being overly critical of some store employees while being "overly-friendly" with certain female employees.

After he was fired, Criddle filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated, but declined to prosecute Criddle's claim, and it issued him a right-to-sue letter. Criddle subsequently filed suit in federal district court, alleging that his termination violated the Age Discrimination in Employment Act ("ADEA"). See 29 U.S.C §§ 621-634. Piggly Wiggly subsequently moved for summary judgment. It argued that Criddle failed to make out a prima facie case of age discrimination and that, even if he could make out a prima facie case, he could not show that Piggly Wiggly's proffered reasons for firing Criddle were pretext for unlawful discrimination.

In considering Piggly Wiggly's motion, the district court assumed that Criddle had made out a prima facie case of discrimination. However, the lower court agreed that Piggly Wiggly had presented evidence of legitimate, nondiscriminatory

2

reasons for firing Criddle, and that Criddle had failed to present evidence that these reasons were mere pretext for unlawful discrimination.  Therefore, the district court entered summary judgment in favor of Piggly Wiggly.  Criddle timely appeals.

## II.  DISCUSSION

We review a grant of summary judgment de novo, applying the same standards as the court below.  See Matagorda County v. Law, 19 F.3d 215, 217 (5th Cir. 1994).  Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could find in favor of the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The ADEA makes it unlawful for an employer to discharge "or otherwise discriminate" against an individual on the basis of age.  See 29 U.S.C. § 623(a)(1); Brown v. CSC Logic, Inc., 82 F.3d 651, 654 (5th Cir. 1996).  In analyzing ADEA claims, we have adopted the evidentiary procedure first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993).  Under this standard, an ADEA plaintiff must first make out a prima facie case of discrimination by demonstrating "that: (1) he was

3

discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."  Id.; see also Price v. Marathon Cheese Corp., 119 F.3d 330, 336-37 (5th Cir. 1997); Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1504-05 (5th Cir. 1988).

If the plaintiff makes out a prima facie case, a presumption of discrimination arises and the burden shifts to the employer to rebut this presumption by setting forth legitimate, nondiscriminatory reasons for discharging the employee.  See Bodenheimer, 5 F.3d at 957.  If the employer meets this burden of production, the burden shifts back to the employee to prove that the employer's proffered reasons are mere pretext for unlawful age discrimination.  See id.; St Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

The district court assumed that Criddle had made out a prima facie case of discrimination.  On appeal, Piggly Wiggly attacks this presumption and argues that Criddle failed to make out a prima facie case.  Because we find that Piggly Wiggly has presented overwhelming evidence that it fired Criddle for legitimate, nondiscriminatory reasons, and that Criddle has failed to rebut this presumption, we decline to address Piggly Wiggly's challenges to Criddle's prima facie case.  We will assume, without deciding, that Criddle has made out a prima facie case of age discrimination.

Piggly Wiggly may produce proof of legitimate, nondiscriminatory reasons for terminating Criddle by setting forth evidence that, "if believed by the trier of fact would support a finding that unlawful discrimination was not the cause of the employment action." Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1999) (en banc). Piggly Wiggly has produced affidavits from Larry Allgood (the meat department manager at the New Hope Piggly Wiggly), Joe McGonagill (the store manager of the Piggly Wiggly supermarket in Amory), and Bobby McGonagill (the Vice President of Piggly Wiggly of Amory, Inc.). Each of these affidavits sets forth legitimate, nondiscriminatory reasons for terminating Criddle. The affidavits indicate that Criddle engaged in inappropriate behavior with female employees, was damaging the morale of other employees, and was undermining the authority of his superiors.

Because Piggly Wiggly has set forth legitimate reasons for terminating Criddle, the burden shifts back to Criddle to show that these reasons are mere pretext for unlawful age discrimination. See Price 119 F.3d at 337. To withstand summary judgment, Criddle must point to a "genuine issue of material fact concerning pretext." Moore v. Eli Lilly & Co., 990 F.2d 812, 815 (5th Cir. 1993). This evidence must "consist of more than a mere refutation of the employer's legitimate nondiscriminatory reason[s]"; it must offer "some proof that age motivated the employer's action." Id. at 815-816 (citations omitted).

Criddle offers no evidence to indicate that Piggly Wiggly's

5

proffered reasons for terminating him are pretext for unlawful age discrimination.  In his deposition, Criddle merely stated that he believed age was a motivating factor in his termination because Piggly Wiggly refused to give him "another reason." Criddle also points out that Piggly Wiggly did not oppose his application for unemployment benefits.  By Criddle's reasoning, if he was not terminated because of his age, but because of his conduct, Piggly Wiggly would have opposed his application for unemployment benefits.  This argument is unpersuasive.

Mississippi bars a worker from receiving unemployment benefits if his employer demonstrates, through clear and convincing evidence, that the employee was fired for misconduct. Miss. Code Ann. § 71-5-513(A)(1)(b) (1999).  For the purposes of unemployment benefits, the Mississippi Supreme Court defines "misconduct" as "conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests." Mississippi Employment Sec. Comm'n v. Phillips, 562 So.2d 115, 118 (Miss. 1990).  Given that clear and convincing evidence of "wanton" conduct is required to find that an employee was terminated for misconduct, it follows that not every termination for "cause" is necessarily for "misconduct". See, e.g., Mississippi Employment Sec. Comm'n v. McLane-Southern, Inc., 583 So.2d 626, 628 (Miss. 1991) (finding that an "isolated" fight in the workplace was not "misconduct" for the purposes of determining eligibility for unemployment benefits).  Piggly Wiggly's failure to challenge Criddle's application for

6

unemployment benefits, by itself, does not indicate that the legitimate reasons proffered for terminating Criddle were pretext for discrimination.

Neither Criddle's subjective belief that age played a factor in his termination nor Piggly Wiggly's failure to object to Criddle's application for unemployment benefits constitutes evidence that would lead a jury to conclude that Piggly Wiggly's proffered reasons were pretext for unlawful age discrimination. See Price v. Marathon Cheese Corp., 119 F.3d 330, 337 (5th Cir. 1997) (finding that an employee's subjective belief that he was fired because of age was insufficient evidence to overcome the employer's proffered reasons for firing the employee).

In sum, we find that Piggly Wiggly has come forward with evidence indicating that it fired Criddle because he was causing substantial morale problems within the store. Criddle, however, has presented absolutely no evidence indicating that Piggly Wiggly's reasons for firing him are mere pretext for unlawful age discrimination. Therefore, the district court did not err in granting Piggly Wiggly's motion for summary judgment.

III. CONCLUSION

For the above stated reasons, we AFFIRM.