CARLTON, J.,
dissenting:
¶ 18. I respectfully dissent from the majority’s opinion. Mississippi Code Annotated section 71 — 5—513(A)(1)(b) (Supp. 2015) provides that an employee will be disqualified for benefits due to misconduct connected with work. The evidence presented below established that Franklin Collection terminated Westbrook for misconduct connected to her work and that Westbrook was therefore disqualified from receiving unemployment benefits.
¶ 19. Westbrook worked for Franklin Collection as a debt collector. The record reflects that Westbrook’s work-related misconduct violated both Franklin Collection’s policies and federal law applicable to Franklin Collection’s debt-collection services.[1] The record shows that Franklin *335 Collection discharged Westbrook in accordance with its policy of terminating employees who violated the FDCPA. The record also reflects that MDES’s decision was arbitrary and unsupported by the evidence or by the law applicable in this case.
¶20. A review of the record reflects that Westbrook initially told the claims examiner she did not recall describing the $15 convenience processing fee as an interest charge to a debtor during a phone call. After the claims examiner approved West-brook’s claim, Franklin Collection appealed the initial determination. At a telephonic evidentiary hearing before an ALJ, Franklin Collection presented the testimony of Westbrook’s supervisor, Thomas. Franklin Collection’s evidence showed that, by her own admission, Westbrook was aware of the company’s policies. The record reflects that Franklin Collection provided no interest loans and charged only a convenience fee for processing loan payments made by phone, credit card, or debit card. Franklin Collection presented evidence that it had a phone-monitoring service to monitor all the debt-collection calls. Franklin Collection’s evidence showed that the phone-monitoring service notified Westbrook’s supervisor, Thomas, that Westbrook had misrepresented to a debtor that a processing fee was an interest charge.
¶ 21. Thomas testified that she listened to the recorded phone call and reviewed a summary of the phone call. Thomas also reviewed the recorded call with her collection manager, Mike Taurse. In so doing, Thomas confirmed that Westbrook made the misrepresentation to the debtor. Thomas testified that Franklin Collection had to comply with the FDCPA in order to operate and that section 807 of the FDCPA prohibits debt collectors from using false or misleading information in connection with any debt. Thomas explained that violations of the FDCPA could also result in lawsuits against Franklin Collection.
¶ 22. Westbrook admitted that Franklin Collection provided her with job training on how to conduct collection calls, and she testified that she was aware of the company policies at issue. Even though West-brook first told the claims examiner that she had no recollection of what she told the debtor during the phone call, she later changed her statement at the subsequent evidentiary hearing and denied ever saying anything about an interest fee. The evi-dentiary hearing reflects that Franklin Collection met its burden of proof by clear and convincing evidence to establish work-related misconduct through direct testimony, and not hearsay, of Thomas, who verified the content of Westbrook’s recorded collection call. Furthermore, the record reflects that Westbrook herself established that she was aware that such conduct violated Franklin Collection’s company policy. Other testimony given by Westbrook was substantially contradicted and impeached,
¶23. The record shows that Franklin Collection met its burden of proof by establishing that Westbrook engaged in work-related misconduct that disqualified her for benefits. See Miss.Code Ann. § 71-5-513(A)(l)(b). Disqualifying misconduct includes the following:
[C]onduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer.
*336 Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) (citation omitted); see also Miss. Emp’t Sec. Comm’n v. McLane-S., Inc., 583 So.2d 626, 627 (Miss.1991).
¶24. As acknowledged, the employer bears the burden of establishing such misconduct by clear and convincing evidence, and this evidentiary standard requires more than a mere preponderance of the evidence. Jackson Cty. Bd. of Supervisors v. Miss. Emp’t Sec. Comm’n, 129 So.3d 178, 183 (¶ 12) (Miss.2013). The record in this ease shows that Franklin Collection clearly met this burden of proof through the testimony of Thomas, who provided direct testimony to establish Westbrook’s misconduct. Furthermore, Westbrook herself admitted to being trained on Franklin Collection’s debt-collection policies. The record reflects that Westbrook’s misconduct not only violated Franklin Collection’s policies but also exposed the company to financial liability and other legal jeopardy.
¶'26. Engaging in conduct that violates established company policy and that also exposes the employer to financial and other legal liability constitutes willful misconduct evincing a wanton disregard for the employer’s interest. See Wheeler, 408 So.2d at 1383. I therefore And that the decision below was arbitrary and not supported by substantial evidence. Accordingly, I respectfully dissent from the majority’s opinion.

. See. Fair ;Debt Collection Practices Act § 807, 15 U.S.C. § 1692e (2012),