IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherry E. Williamson, : 
               Petitioner : 
                : 
         v. : No. 1370 C.D. 2015
                : Submitted: January 15, 2016
Unemployment Compensation Board : 
of Review, : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: May 6, 2016

Sherry Williamson (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits. The Board held that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because she did not have a necessitous and compelling reason to quit her job. For the reasons that follow, we affirm.

Claimant worked as a full-time production worker for Cook, Inc. (Employer) from September 2008 until March 12, 2015. On March 12, 2015, Claimant was involved in an altercation with her co-workers. Employer called

---

[1] Act of December 5, 1936, Section Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) provides, *inter alia*, that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature…." 43 P.S. §802(b).

Claimant into a meeting to discuss the incident. At the end of the meeting, Claimant resigned from her employment.

Claimant applied for unemployment benefits. On April 2, 2015, the Indiana UC Service Center sent Claimant a Notice of Determination concluding that Claimant was ineligible for benefits. Claimant appealed the determination, and a hearing before a Referee was scheduled for May 5, 2015. At the hearing, Claimant testified on her own behalf, and Kristy McCorkle, Employer's Human Resources Manager, testified on behalf of Employer.

Claimant testified about the altercation with her co-workers. According to Claimant, the March 12, 2015, incident began when Claimant criticized a co-worker's personal hygiene. Claimant testified that

> [the co-worker] screamed to the top of her lungs at me and said that she -- I could not smell her all the way over [where I was]. I mean she screamed at the top of her lungs. And I told her I could smell her -- this other coworker, Leslie, I said I could smell her a-s-s right here. And as I was going back to my seat her other friend, Nancy, ran up to me like they were going to jump me. She was in my face like this close, and then all of a sudden I'm the one who gets called down to HR, so I figured they were calling me down there to question me about it.

Notes of Testimony, 5/5/2015, at 5 (N.T. ___). Claimant offered the following testimony about her meeting with McCorkle and Employer's president following the incident:

> Kristy [McCorkle] asked me what happened in the room. And the president's sitting there and he says well how did you -- no, exactly how did you say it? And I'm thinking, what do you mean how, I just told you how I said it. And this -- the president has already called me a paranoid liar when I've come to him several times about inciden[ts] that have gone on with me and nothing was ever done, or with HR, so I figured why

2

would I ever go to them with -- I mean with a problem of me not having transportation to work. I mean nothing's ever done. They've never helped me out, they don't give out company cars or anything like that to production employees. And so I just had enough of it. I just reached my peak with it and I just told them, look, this is the last time we're going to meet together, would you please walk me out to my locker. I gave them my badge. I don't even know what -- I don't even know the reason why they called me to the office, really.

N.T. 5-6.

Because Claimant did not explain her alleged transportation problems, the Referee questioned her further on that issue and any steps she had taken to resolve it:

[Referee]: Okay. Did you ever go to the employer with your transportation problems?

[Claimant]: No. My supervisor knew I had transportation problems. That's my employer. He knew I had transportation -- George. But as far as going to HR or to the president, it's like I said, I've gone to them five different times with my problems and they have never solved any of my problems for me. Nothing has ever been solved.

N.T. 6. McCorkle testified that she was unaware of Claimant's transportation problems.

On April 15, 2015, the Referee issued a decision holding Claimant ineligible for unemployment benefits pursuant to Section 402(b) of the Law, 43 P.S. §802(b). In doing so, the Referee specifically found:

6. [Claimant] made no mention of any transportation problems as she was escorted from the workplace.

7. [Claimant] voluntarily left her job because she felt targeted by the employer.

3

Referee Decision at 1, Findings of Fact No. 6, 7. Accordingly, the Referee reasoned that Claimant "has not shown that she was under real and substantial pressure to leave her job or that she made a reasonable effort to preserve the employment relationship." *Id*. at 2. On June 23, 2015, the Board affirmed the decision of the Referee, and Claimant petitioned for this Court's review.

On appeal,[2] Claimant contends that the Board erred in finding that Employer was unaware of Claimant's transportation problems and in concluding that Claimant did not quit for a necessitous and compelling reason. We disagree.

Claimant first contends that the Board's finding that Employer was unaware of Claimant's transportation problems is not supported by substantial evidence. However, in unemployment appeals, the Board's findings of fact are conclusive if the record, taken as a whole, contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). "Substantial evidence" is all "relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995). At the hearing, Claimant testified that she never informed Human Resources or Employer's president of her transportation problems. McCorkle confirmed that she had no knowledge of Claimant's transportation situation. Thus, there was substantial evidence to support the Board's finding that Employer was unaware of Claimant's alleged transportation problems.

---

[2] On review, this Court determines whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. §704; *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003).

4

Next, Claimant asserts that the Board erred in concluding that she lacked a necessitous and compelling reason to quit. In a voluntary quit case under Section 402(b) of the Law, the claimant bears the burden of demonstrating that "such termination was with cause of a necessitous and compelling nature." *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 716 (Pa. Cmwlth. 2005) (quoting *Pacini v. Unemployment Compensation Board of Review*, 518 A.2d 606, 607 (Pa. Cmwlth. 1986)). When an employee quits, the factual matrix at the time of the separation governs whether the claimant is entitled to benefits. *Hussey Copper, Ltd. v. Unemployment Compensation Board of Review*, 718 A.2d 894, 899 (Pa. Cmwlth. 1998). As such, the relevant inquiry in determining the cause of a claimant's unemployment is confined to the surrounding circumstances existing at the time of the claimant's departure. *Id*. Unless the precipitating event gave the claimant a necessitous and compelling reason to quit, benefits should be denied. *Id*.

In the matter *sub judice*, the precipitating event that caused Claimant to quit was a reprimand from Employer after she insulted a co-worker about her body odor. "Resentment of a reprimand, absent unjust accusations, profane language or abusive conduct; mere disappointment with wages; and personality conflicts, absent an intolerable working atmosphere, do not amount to necessitous and compelling causes." *Lynn v. Unemployment Compensation Board of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981) (internal citations omitted). Claimant did not present any evidence that Employer used profane language when reprimanding her or created an intolerable working atmosphere. Claimant quit because she was displeased with Employer's reprimand, which was reasonable and did not give Claimant a necessitous and compelling reason to quit.

5

For the above-stated reasons, we affirm the Board's holding that Claimant was ineligible for unemployment compensation under Section 402(b) of the Law, 43 P.S. §802(b).

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherry E. Williamson,                          :
                   Petitioner        :
                                   :
          v.                              :     No. 1370 C.D. 2015
                                   :
Unemployment Compensation Board :
of Review,                                     :
                   Respondent        :

# **O R D E R**

AND NOW, this 6th day of May, 2016, the order of the Unemployment Compensation Board of Review dated June 23, 2015 in the above-captioned matter is hereby AFFIRMED.

                                        _____

                                        MARY HANNAH LEAVITT, President Judge